Robert V. Closson (State Bar No. 125646)
Sandra P. Llaneta (State Bar No. 171244)
SUMMERS & SHIVES, A.P.C.
8755 Aero Drive, Suite 230
San Diego, California 92123-1750
Telephone: (858) 874-1800
Facsimile: (858) 874-1888

Attorneys for Defendant,
TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as THE AETNA CASUALTY AND SURETY COMPANY

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

C 04 3875

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as THE AETNA CASUALTY AND SURETY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ; and DOES 1 through 10, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND CONTRIBUTION** <br><br> **(DEMAND FOR JURY TRIAL)** |

Plaintiff, TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as THE AETNA CASUALTY AND SURETY COMPANY (hereinafter "TRAVELERS") alleges:

1. At all times material to this Complaint, Plaintiff TRAVELERS was and is a corporation organized and existing under and by virtue of the laws of the State of Connecticut with its principal place of business in the State of Connecticut and engaged in the business of writing insurance in the State of California.

## JURISDICTIONAL ALLEGATIONS

2. At all times material to this Complaint, Defendant INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA (hereinafter "ICSOP") was and is a corporation organized and existing under and by virtue of the laws of the State of Pennsylvania with its principal place

1

TRAVELERS CASUALTY AND SURETY COMPANY's COMPLAINT FOR DECLARATORY RELIEF AND CONTRIBUTION

1  of business in the State of New York, and engaged in the business of writing insurance in the
2  State of California.

3      3.    At all times material to this Complaint, Defendant NATIONAL UNION FIRE
4  INSURANCE COMPANY OF PITTSBURGH, PA (hereinafter "NATIONAL UNION") was
5  and is a corporation organized and existing under and by virtue of the laws of the State of
6  Pennsylvania with its principal place of business in the State of New York, and engaged in the
7  business of writing insurance in the State of California.

8      4.    Plaintiff is unaware of the true names and capacities of the Defendants sued in this
9  complaint as DOES 1 through 10, inclusive, and therefore sues said Defendants by such
10 fictitious names and prays leave of this Court to amend this complaint to set forth their true
11 names and capacities when the same have been ascertained. Plaintiff is informed and believes
12 and thereon alleges that each of the fictitiously named Defendants are corporations organized
13 and existing under the laws of states other than the State of Connecticut and are insurers whose
14 policies provide liability coverage to plaintiff's insured relative to the claims asserted in the
15 hereinafter described underlying action.

16     5.    The jurisdiction of this Court over the subject matter of this action is predicated
17 on 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of
18 costs and interest.

19 <center>**VENUE ALLEGATIONS**</center>

20     6.    Pursuant to 28 U.S.C. §1391(a)(2), venue of this matter is proper in the United
21 States District Court, Northern District of California, San Francisco Division because a
22 substantial part of the events and/or omissions on which the claim herein is based occurred in
23 that district and division.

24 <center>**THE INSURANCE POLICIES**</center>

25     7.    Plaintiff TRAVELERS issued a commercial general liability insurance policy to
26 PERINI CORPORATION ("PERINI") as the named insured, identified as policy no. 06 ACM
27 5004185 SUA (hereinafter referred to as the "TRAVELERS PRIMARY POLICY"). The
28 TRAVELERS PRIMARY POLICY was in effect from December 31, 1991 to December 31,

1992, and provided limits of $2 million per occurrence with a products/completed operations aggregate of $3 million.

8. Plaintiff TRAVELERS issued a commercial excess liability (umbrella) insurance policy to PERINI as the named insured, identified as policy no. 06 XS 598595 SCA (hereinafter referred to as the "TRAVELERS UMBRELLA POLICY"). The TRAVELERS UMBRELLA POLICY was in effect from December 31, 1991 to December 31, 1992, and provided limits of $10 million per occurrence with a $10 million products/completed operations aggregate of $10 million, in excess of a retained limit of $1,000,000, and any applicable underlying insurance.

9. Defendant ICSOP issued a commercial general liability policy to PERINI as the named insured, identified as policy no. GL 817-69-16 RA and for the policy period of December 31, 1996 to December 31, 1997 (hereinafter referred to as the "ICSOP 1997 POLICY"). The ICSOP 1997 POLICY provided products-completed limits of $2 million per occurrence and $3 million aggregate.

10. Defendant ICSOP issued a commercial general liability policy to PERINI as the named insured, identified as policy no. GL 817-83-23 RA and for the policy period of December 31, 1997 to December 31, 1998 (hereinafter referred to as the "ICSOP 1998 POLICY"). The ICSOP 1998 POLICY provided products-completed limits of $2 million per occurrence and $3 million aggregate.

11. Defendant ICSOP issued a commercial general liability policy to PERINI as the named insured, identified as policy no. GL 933-02-74 RA and for the policy period of December 31, 1998 to December 31, 1999 (hereinafter referred to as the "ICSOP 1999 POLICY"). The ICSOP 1999 POLICY provided products-completed limits of $2 million per occurrence and $3 million aggregate.

12. Defendant ICSOP issued a commercial general liability policy to PERINI as the named insured, identified as policy no. GL 933-07-65 and for the policy period of December 31, 1999 to December 31, 2000 (hereinafter referred to as the "ICSOP 2000 POLICY"). The ICSOP 2000 POLICY provided products-completed limits of $2 million per occurrence and $3 million aggregate.

13. Defendant NATIONAL UNION issued a commercial umbrella policy to PERINI as the named insured, identified as policy no. BE 932-56-31 and for the policy period of December 31, 1996 to December 31, 1998 (hereinafter referred to as the "NATIONAL UNION 1997/1998 POLICY"). The NATIONAL UNION 1997/1998 POLICY provided products-completed aggregate limits of $50 million.

14. Defendant NATIONAL UNION issued a commercial umbrella policy to PERINI as the named insured, identified as policy no. 310-22-54 and for the policy period of December 31, 1997 to December 31, 1998 (hereinafter referred to as the "NATIONAL UNION 1998 POLICY"). The NATIONAL UNION 1998 POLICY provided products-completed aggregate limits of $25 million.

15. Defendant NATIONAL UNION issued a commercial umbrella policy to PERINI as the named insured, identified as policy no. BE 357-43-45 and for the policy period of December 31, 1998 to December 31, 2000 (hereinafter referred to as the "NATIONAL UNION 1999/2000 POLICY"). The NATIONAL UNION 1999/2000 POLICY provided products-completed aggregate limits of $50 million.

### THE UNDERLYING ACTION

16. PERINI was named as a Defendant in a construction defect action captioned, <u>The Board of Trustees of the California State University v. Perini Building Company, et al</u>, San Francisco Superior Court, Case No. 304093 (hereinafter referred to as the "UNDERLYING ACTION".) PERINI tendered the UNDERLYING ACTION to TRAVELERS. TRAVELERS accepted the tender under a reservation of rights, including the right to bring this action for declaratory relief and to determine its rights with respect to the aforementioned policies and to seek contribution and/or subrogation from other insurers for the payment of policy benefits to PERINI.

17. In or about May 2002, PERINI notified TRAVELERS that it wished to select the December 31, 1991 to December 31, 1992 policy period for application of policy limits for the UNDERLYING ACTION. PERINI cited *Armstrong World Industries v Aetna Cas. & Surety Co.* (1996) 45 Cal.App.4th 1, 50-52 in support of its contention that it was entitled to make that

1 selection.

2     18.    In or about September 2002, The Board of Trustees of the California State University and PERINI settled the UNDERLYING ACTION for $15.25 million. TRAVELERS paid $12 million toward the settlement of the UNDERLYING ACTION under its above-referenced policies. TRAVELERS contends it paid a disproportionate share of the underlying settlement on behalf of PERINI and seeks contribution from ICSOP and NATIONAL UNION herein.

## FIRST CAUSE OF ACTION

**Declaratory Relief - Right to Equitable Contribution related to Defense Costs Against Defendant ICSOP and Does 1-5**

19.    TRAVELERS incorporates by reference as though fully set forth herein the allegations set in paragraphs 1 through 18 above.

20.    As a result of PERINI's tender of its defense to the UNDERLYING ACTION to TRAVELERS and TRAVELERS acceptance of PERINI's tender under an express reservation of rights, TRAVELERS incurred defense fees and expenses on behalf of PERINI.

21.    PERINI similarly tendered its defense to Defendant ICSOP. TRAVELERS is informed and believes and alleges thereon that Defendant ICSOP also owed PERINI a defense duty related to the UNDERLYING ACTION.

22.    TRAVELERS and Defendant ICSOP deposited funds into an account held by Legal Cost Consultants ("LCC") to pay the defense fees and expenses incurred on behalf of PERINI in the UNDERLYING ACTION.

23.    The fees and costs related to PERINI's defense in the UNDERLYING ACTION were paid out of the account held by LCC. There is a sum of $284,875 plus accrued interest, remaining in the trust account with LCC. LCC will not distribute those funds until there is either an agreement between TRAVELERS and ISCOP, or a declaratory judgment determining the proper and equitable distribution of the funds held in trust.

24.    An actual controversy has arisen and now exists between the parties concerning their respective rights and liabilities related to the remaining funds in the account held by LCC

for the PERINI defense in the UNDERLYING ACTION and for which TRAVELERS desires a declaration of rights.

25. A declaratory judgment is necessary in that TRAVELERS contends it is entitled to an equitable distribution of the funds held by LCC on behalf of PERINI's defense in the UNDERLYING ACTION, without any reduction for expenses incurred by ICSOP's coverage counsel.

26. TRAVELERS is informed and believes and thereon alleges that Defendant ICSOP contends that TRAVELERS is entitled to a lesser share of the funds held by LCC on behalf of PERINI's defense in the UNDERLYING ACTION.

27. TRAVELERS therefore seeks a judicial determination of its rights and a declaration as to the amount of the funds held by LCC to which it is entitled to receive.

## SECOND CAUSE OF ACTION
### Equitable Contribution related to Defense Costs
### Against Defendant ICSOP and DOES 1-5

28. TRAVELERS incorporates by reference as though fully set forth herein the allegations set in paragraphs 1 through 27 above.

29. TRAVELERS seeks equitable contribution from defendants ICSOP and DOES 1 through 5 related to the funds held by LCC on behalf of PERINI's defense in the UNDERLYING ACTION, without any reduction for expenses incurred by ICSOP's coverage counsel, in an amount according to proof at trial.

## THIRD CAUSE OF ACTION
### Equitable Contribution related to Payment of Settlement
### Against All Defendants and DOES 6-10

30. Plaintiff incorporates by reference Paragraphs 1 through 29 above, and refers to them in this cause of action as though fully set forth.

31. As a result of the claims made against PERINI in the UNDERLYING ACTION, TRAVELERS was required to pay $12 million toward the settlement made on behalf of PERINI in the UNDERLYING ACTION. As a consequence of Defendants' failure to contribute their

equitable and proportionate share of funding to the settlement, TRAVELERS was compelled to pay a disproportionate share of the settlement amount on behalf of PERINI in the UNDERLYING ACTION.

32.   TRAVELERS seeks equitable contribution from Defendants and DOES 6-10 related to the settlement amount paid by TRAVELERS on behalf of PERINI in the UNDERLYING ACTION, in amount according to proof at trial.

WHEREFORE, Plaintiff TRAVELERS prays for judgment herein as follows:

1.   For a declaratory judgment of this Court as to the amount of the funds held by LCC on behalf of the PERINI defense in the UNDERLYING ACTION that TRAVELERS is entitled to receive;

2.   For a monetary judgment that Defendant ICSOP owes TRAVELERS equitable contribution for the funds held by LCC on behalf of PERINI's defense in the UNDERLYING ACTION, without any reduction for expenses incurred by ICSOP's coverage counsel, in an amount according to proof at trial;

3.   For a monetary judgment that Defendants owe TRAVELERS equitable contribution for the amount of the settlement paid by TRAVELERS in excess of its proportionate share on behalf of PERINI in the UNDERLYING ACTION, in an amount according to proof at trial;

4.   For costs and expenses of suit incurred herein; and

5.   For such other and further relief as the Court deems just and proper.

SUMMERS & SHIVES, A.P.C.

DATED: 9/14, 2004   By: _____
ROBERT V. CLOSSON, ESQ.
SANDRA P. LLANETA, ESQ.
Attorneys for Plaintiff, TRAVELERS
CASUALTY AND SURETY COMPANY

TRAVELERS CASUALTY AND SURETY COMPANY's COMPLAINT FOR DECLARATORY RELIEF AND CONTRIBUTION

## DEMAND FOR JURY TRIAL

Plaintiff TRAVELERS hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: 9/14, 2004           By: _____
                            ROBERT V. CLOSSON, ESQ.
                            SANDRA P. LLANETA, ESQ.
                            Attorneys for Plaintiff, TRAVELERS
                            CASUALTY AND SURETY COMPANY