**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY, formerly known as THE AETNA CASUALTY AND SURETY COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10,<br><br>    Defendants.<br>_____/ | No. C 04-03875 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

In this dispute between insurance carriers, defendants Insurance Company of the State of Pennsylvania ("ISOP") and National Union Fire Insurance Company of Pittsburgh, PA move for summary judgment as to plaintiff Travelers Casualty & Surety Company's third claim for relief for equitable contribution. For the reasons stated herein, defendants' motion is **GRANTED IN PART**.

## STATEMENT

This dispute revolves around a previous settlement in a construction lawsuit in San Francisco Superior Court, entitled *Board of Trustees of the California State University v. Perini*

*Building Company, et. al.*, Case No. 304093. That state-court action centered around Perini's liability for damage from leaks after construction work by Perini. The parties to the above-captioned action are insurers that together contributed $16.25 million to that settlement, with Travelers paying $12 million and National Union paying $4.25 million.

The following insurance policies are implicated by this dispute. Travelers issued Perini six commercial-general-liability policies each with two million dollar limits per occurrence (Compl. at ¶ 7, Br. 13). Travelers also issued Perini a commercial-excess-liability policy for Perini with a limit of ten million dollars per occurrence (*id*. at ¶ 8). ISOP issued four commercial-general-liability policies to Perini each with limits of two million dollars (*id*. at ¶¶ 9–12). Finally, National Union issued Perini two commercial-umbrella policies with aggregate limits of $50 million and one commercial-umbrella policy with an aggregate limit of $25 million (*id*. at ¶¶ 13–15).

In short, plaintiff contends that it paid a disproportionate share. On September 15, 2004, plaintiff filed its complaint. Plaintiff's third claim for relief alleges a claim for equitable contribution related to payment of the settlement, seeking indemnity from ISOP and National Union under their respective policies. Defendants now move for summary judgment on this claim.

## ANALYSIS

### 1. LEGAL STANDARD FOR SUMMARY JUDGMENT.

Pursuant to FRCP 56(c), summary judgment shall be rendered if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." On a motion by a party without the burden of proof at trial:

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

### 2. EQUITABLE CONTRIBUTION.

Plaintiff's claim for equitable contribution is governed by California law. In the context of insurance law:

> Equitable contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation, on the theory that the debt it paid was equally and concurrently owed by the other insurers and should be shared by them pro rata in proportion to their respective coverage of the risk.

*Am. Cont'l Ins. Co. v. Am. Cas. Co.*, 86 Cal. App. 4th 929, 937 (2001)(internal citation omitted). "Every California case of which we are aware has enforced an insurer's contribution claim only where the other insurer was also obligated to pay on the claim." *Ibid.*

"Under well-settled insurance principles, there are two levels of insurance coverage, primary and excess." *Reliance Nat'l Indem. Co. v. Gen. Star Indem. Co.*, 72 Cal. App. 4th 1063, 1076 (1999)(citation omitted). No right to contribution exists between insurers at the different risk levels. *Id*. at 1077–78.

This rule barring cross-risk-level contribution eliminates certain portions of plaintiff's third claim as a matter of law. National Union only provided *excess* insurance to Perini. Travelers cannot seek equitable contribution for the two million dollar payment pursuant to its *primary* coverage from National Union's *excess* policies. Likewise, this rule bars contribution for payments made under Travelers' *excess* policies from ISOP's *primary* policies. The only theoretically sustainable claims are for contribution for Travelers' *primary* payments from ISOP's *primary* policies and for Travelers' *excess* payments from National Union's *excess* policies.

Furthermore, "[i]t is settled under California law that an excess or secondary policy does not cover a loss, nor does any duty to defend the insured arise, until all of the primary insurance has been exhausted." *Cmty. Redev. Agency v. Aetna Cas. & Sur. Co.*, 50 Cal. App. 4th 329, 339 (1996)(citation omitted). Before the National Union excess policies would even be implicated, therefore, all six of Travelers' primary policies would have to be exhausted. Each of those

3

1  policies had limits of two million dollars with respect to Perini. Beyond that, all four of the
2  ISOP primary policies would have to be exhausted. Given that only $12 million is at stake,
3  there is no possibility that the primary policies would be exhausted such that National Union
4  would be required to contribute on the basis of its excess policies. At oral argument, plaintiff's
5  counsel admitted that she had no authority countering this conclusion. Instead, plaintiff's
6  counsel asserted, without citation, that the Court could ignore the rule of exhaustion by applying
7  "the rule of equity." Absent any proof that equity requires such a departure from the rule of
8  exhaustion here, however, this order finds that National Union is not responsible to plaintiff for
9  contribution.

10  In an attempt to salvage its complaint, plaintiff argues that this Court should read into
11  the complaint a claim for subrogation, relying on the liberal doctrine of notice pleading under
12  FRCP 8. It is not true, however, that by alleging equitable contribution a defendant is
13  automatically on notice of a claim for subrogation—a claim for "[e]quitable contribution is
14  entirely different" from a claim for subrogation. *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65
15  Cal. App. 4th 1279, 1292 (1998). In any event, "[a]n opposition is not the proper forum to raise
16  new claims." *Smith v. Coleman*, No. C 01-20576, 2001 WL 1220736, *2 n. 1 (N.D. Cal. Sep.
17  27, 2001).

\*   \*   \*

19  The only remaining portion of plaintiff's claim is for contribution on the two million
20  dollars paid under Travelers' *primary* policies against ISOP's *primary* policies. As to this
21  claim, defendants argue that Travelers failed to bring forth sufficient evidence during discovery
22  to indicate a possibility of success at trial. This order disagrees.

23  The primary flaw with defendants' argument is a mistake about defendants' own
24  interrogatory questions. Defendants argue at length that plaintiff's interrogatory responses
25  demonstrate a lack of evidence to prove at trial that an obligation by Travelers to indemnify
26  Perini ever arose with respect to the leak damage. In the definition section for defendants'
27  interrogatories, defendants defined "THE PERINI ACTION" as a separate action between
28  Perini and Travelers (Fredette Decl. Exh. A). All of the allegedly deficient responses were to

4

1  questions aimed at that action.  The underlying action at hand here, *Board of Trustees of the*
2  *California State University v. Perini Building Company, et. al.*, was named "THE TRUSTEES
3  ACTION" by defendants for purposes of the interrogatories (*ibid.*).  Defendants simply did not
4  frame any interrogatories to plaintiff to discover information about Travelers' obligations
5  stemming from the "THE TRUSTEES ACTION."

6  On reply and at oral argument, defendants' counsel tried to wish away this argument
7  about the interrogatories by contending both that THE PERINI ACTION was equally relevant
8  to the above-captioned matter and that, in any event, plaintiff provided generally elusive and
9  technical discovery responses which indicate an absence of proof.  As to the first point, THE
10 PERINI ACTION is *not* equally relevant to the issue of whether the leak damages for which
11 Perini was liable onset Travlers' obligation of indemnification for the THE TRUSTEES
12 ACTION.  As plaintiff's counsel explained at oral argument, THE PERINI ACTION ultimately
13 boiled down to a dispute between Perini and Travelers over legal fees, not over indemnification
14 rights.  ISOP's second contention about elusive interrogatory answers should have been raised,
15 if at all, in the context of a discovery motion, not on a motion for summary judgment.

16 Defendants' remaining argument is an attack on Travelers' initial disclosures of
17 witnesses and documents.  Defendants contend that the disclosures indicate an inability of
18 plaintiff to prove at trial that an obligation to insure arose.  Travelers, however, did indicate an
19 extensive list of individuals plausibly able to testify to the obligation issue, including Perini
20 personnel, Travellers' personnel and counsel from the underlying action.  Likewise, Travelers
21 pointed to numerous sets of documents available to prosecute this action, including the
22 documents from the underlying action.  These disclosures were not so inadequate as to warrant
23 summary judgment.  A material issue of fact exists whether Travelers bore an obligation to
24 indemnify Perini for the leak damage and, if so, whether ISOP's *primary* policies should
25 provide contribution toward the two million dollar payment made from Travelers' *primary*
26 policies.

27
28

5

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment on plaintiff's third claim for relief is **GRANTED IN PART**. Plaintiff's third claim is still viable as to ISOP's primary policies for possible contribution toward payment made by Travelers under Travelers' primary policies. This order declines to rule on defendants' request for judicial notice as the documents defendants seek to notice were not relevant to the disposition. Likewise, this order does not rely on any of the evidence objected to by defendants, thus no ruling is necessary. Trial is set for March 6, 2006 and will proceed as scheduled.

**IT IS SO ORDERED.**

Dated: January 19, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE