IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY, formerly known as THE AETNA CASUALTY AND SURETY COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and DOES 1 through 10,<br><br>    Defendants.<br>_____ / | No. C 04-03875 WHA<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

**INTRODUCTION**

In this dispute between insurance carriers defendants Insurance Company of the State of Pennsylvania ("ISOP") and National Union Fire Insurance Company of Pittsburgh, PA move for reconsideration of this Court's order denying defendants' motion to enforce a settlement agreement under FRCP 60(b)(1) and 60(b)(6). Because defendants' motion is both procedurally and substantively inadequate, their motion is **DENIED**.

**STATEMENT**

This matter revolves around a previous settlement in a construction lawsuit in San Francisco Superior Court, entitled *Board of Trustees of the California State University v. Perini*

1  *Building Company, et. al.*, Case No. 304093. The parties to the above-captioned action are
2  insurers that together contributed $16.25 million to that settlement, with plaintiff Travelers
3  Casualty & Surety Company paying $12 million and National Union paying $4.25 million.

4  On September 23, 2005, the Court denied the parties' cross-motions to enforce a
5  proposed settlement agreement. The parties had participated in a mediation session at JAMS in
6  Los Angeles, California, at which time this "settlement" was reached. Immediately following
7  the mediation session, a hand-written memorandum was prepared by counsel for Travelers. The
8  memorandum was signed by representatives of each side. The parties agreed to prepare a type-
9  written agreement based on the terms of this memorandum.

10  One of the six terms in the memorandum was that defendants had "to provide
11  confirmation of payment of 4,250,000.00 towards the underlying action settlement" (Llaneta
12  Decl. Exh. 1). A disagreement about this term arose, however, after Travelers provided
13  defendants with a typed draft codifying the memorandum. The parties became aware that they
14  differed as to what defendants had to do to "provide confirmation" that they already paid $4.25
15  million pursuant to the settlement of the state-court action. Defendants argued that the
16  confirmation term simply required them to provide plaintiff with a receipt for payment.
17  Plaintiff, on the other hand, maintained that the term required defendants to provide proof of
18  their *net* payment toward the state-court settlement. Plaintiffs thus contended that, in addition
19  to a check receipt, defendants needed to produce reports demonstrating that no other policies
20  had contributed to defendants' $4.25 million payment.

21  Both sides moved to have the Court enforce the settlement memorandum consistently
22  with their respective views of the confirmation term. The September order denied the parties'
23  cross-motions, declining to enforce an incomplete settlement agreement. The September order
24  did, however, allow plaintiff to dismiss with prejudice its first two causes of action, in exchange
25  for the right to retain the funds in a trust containing accrued fees and costs totaling $519,502.69.
26  Defendants seek reconsideration of the September order.

2

## ANALYSIS

FRCP 60(b)(1) provides that a court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(6) allows such relief for "any other reason justifying relief from the operation of the judgment." This latter catch-all provision "has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Ibid*.

As an initial matter, defendants' motion fails for non-compliance with Local Rule 7-9(a). This rule dictates that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Defendants did not do so.

Even overlooking this deficiency, defendants' motion is insufficient. Defendants have not identified any mistake, inadvertence, surprise, or excusable neglect in the September order. Instead defendants cite the same case law from their initial motion to enforce, articulating principles of contract law in California. Re-reading this case law does not provide further rationale for enforcing an illusory agreement lacking in mutual assent to material terms and lacking in intent to constitute final agreement. As explained in the September order, courts may enforce only complete settlement agreements. *See Callie v. Near*, 829 F.2d 888, 890–91 (9th Cir. 1987).

Defendants also argue that the Court erred in failing to grant an evidentiary hearing to resolve the initial cross-motions, relying on *Callie*, *supra*. Defendants argue that the distinction between enforcing a settlement agreement where a material dispute in terms exists, as happened in *Callie*, and denying enforcement because a material dispute exists, as happened here, lacks analytical significance. This order disagrees. The fact that no meeting of the minds occurred was a sufficient ground to deny enforcement. *Callie* does stand for the proposition that courts must conduct evidentiary hearings to help parties settle cases, but rather "for the unremarkable proposition that 'the district court may enforce only complete settlement agreements.'" *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002)(*quoting Callie*, 829 F.2d at 890).

1    Defendants also argue that the Court should not have permitted plaintiff to retain
2 $519,502.69 in fees and costs from the trust account. Plaintiff retained this amount in exchange
3 for dismissal with prejudice of plaintiff's first two causes of action pursuant to agreement of the
4 two parties. As to this contention, however, defendants provide no authority that the Court
5 could not affirm an unambiguous portion of the parties' agreement while finding that the overall
6 agreement lacked effect.

7    Defendants also have not demonstrated any manifest injustice warranting relief under
8 FRCP 60(b)(6). Defendants contend that following the September order, they complied with
9 the terms of the "agreement" as interpreted by plaintiff. Defendants allegedly so complied by
10 providing reports indicating that no contribution for the $4.25 million payment was received.
11 According to defendants, plaintiff should be estopped from not living by the terms of the
12 agreement as interpreted by plaintiff in its earlier cross-motion to enforce. Defendants'
13 argument is akin to crying over spilled milk. Plaintiffs are not estopped from backing out of a
14 proposed settlement that was never effectuated. Settlement is the byproduct of a compromise
15 by the parties. If a proposed settlement falls through, as it did here, both parties may return to
16 their pre-compromise postures.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 19, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4